**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CURT M. READ, an individual, | No. 10-36138 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00154-MJP |
| v. | |
| RAYMOND LaHOOD, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief District Judge, Presiding

Submitted January 12, 2012[**]
Seattle, Washington

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and MOLLOY,
District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Donald W. Molloy, U.S. District Judge for the District of Montana, sitting by designation.

Appellant Curt M. Read (Read), an employee of the Federal Aviation Administration (FAA), appeals the district court's grant of summary judgment in favor of appellee Raymond LaHood, Secretary of Transportation. Read argues that he was discriminated against based on his race, age and/or gender in five selection processes between 2005 and 2008. Read also contends that he was the victim of unlawful retaliation.

1.      The district court properly granted summary judgment because Read has not raised a genuine issue of material fact as to his discrimination claims. *See Dawson v. Entek. Intern.*, 630 F.3d 928, 934 (9th Cir. 2011). In each of the selection processes, the record supports the FAA's articulated "legitimate, nondiscriminatory reason" for the agency's promotion decisions. *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010) (citation omitted). Importantly, Read has not shown that there exists "a triable issue of pretext" as to any of the selection processes. *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1113 (9th Cir. 2011) (citation omitted).

2.      Read similarly failed to raise a genuine issue of material fact as to his retaliation claims. *See Dawson*, 630 F.3d at 934. Read's "[u]nsubstantiated

assertions of retaliatory intent, without more, are insufficient to overcome the [FAA's] proffered neutral reasons." *Munoz v. Mabus*, 630 F.3d 856, 865 (9th Cir. 2010) (citation omitted). "[I]n the light of the timing and the surrounding circumstances" of each selection process, *Anthoine v. N. Cent. Ctys. Consortium*, 605 F.3d 740, 751 (9th Cir. 2010) (citation omitted), Read has not raised a genuine issue of material fact "that engaging in the protected activity was one of the reasons [he was not selected] and that but for such activity he would [have been selected]." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (citation and alteration omitted).

**AFFIRMED.**